IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EDWARD LAMAR TYLER,**

        **Petitioner,**

**v.**                                              **Civil Action No. 1:13cv157**
                                                       **(Judge Keeley)**

**HON. JAMES A. MATISH,**

        **Respondent.**

## REPORT AND RECOMMENDATION

This case was initiated on June 10, 2013, when the petitioner filed a two-page handwritten "letter" which appears to attack his criminal conviction in Harrison County. The petitioner was a sent a Notice of Deficient pleading which advised him that he must file a form 2254 petition, and either pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* together with a Prisoner Trust Account Report and ledger sheets. To date, the petition has failed to submit his form petition. Although he did file ledger sheets, he has not filed an application to proceed *in forma pauperis*. While the undersigned could recommend that this matter be dismiss for failure to prosecute, his staff has made inquiry and determined that the petitioner is not entitled to relief from this Court at this time.

### I.   Factual and Procedural Background

**A.**   **Petitioner's Conviction and Sentence**

During the May 2012 Term, the petitioner was indicted by the Harrison County Grand Jury for Malicious Assault pursuant to West Virginia Code § 61-2-9(a). A day and a half jury trial was held on November 5, 2012, and November 7, 2012. After deliberation, the jury returned a verdict

of guilty for the petitioner of Malicious Assault. On January 10, 2013, the petitioner was sentenced for an indefinite term of not less than two (2) years nor more than ten (10) years with credit for time served, along with a judgment for restitution and court costs. The petitioner is currently confined in the Northern Regional Jail and Correctional Center.

**B.  Petitioner's State Appeal**

On January 22, 2013, the petitioner filed an appeal with the West Virginia Supreme Court of Appeals ("WVSCA") through counsel, John Lanham. The matter is currently pending on the petitioner's brief and appendix. Still to be filed is the State's response. Accordingly, no decision has been made on the merits of the issues raised in the appeal.

**C.  State Habeas**

To date, the petitioner has not filed a state habeas petition regarding his conviction and/or sentence.

**D. Federal Habeas**

In the only pleading filed to date, the petitioner alleges that he is innocent, and the three people are responsible for his imprisonment are: the Honorable James A. Matish, Laura Picken, the assistant prosecuting attorney, and his counsel, John Lanham. The petitioner further maintains that he was indicted under false pretenses, and the arresting officer signed a false statement under oath regarding purported witnesses and a video tape. The petitioner concludes his pleading with a request that "[i]f someone can will you please help me get justice." (Doc. 1, p.2).

## II.  Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained

unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[1] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the

---

[1] Picard v. Connor, 404 U.S. 270 (1971).

courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution

Here, the petitioner has a direct appeal pending before the WVSCA., and he has not filed a state habeas petition. Therefore, because it is apparent the State court has not yet issued a decision on the merits of the petitioner's claims, the State has not been afforded a full and fair opportunity to pass upon and correct the alleged violation of the petitioner's federal rights. Therefore, the undersigned finds that the petitioner's claims are not exhausted as he still has remedy available in State court. Thus, it is inappropriate for this Court to entertain the petitioner's federal habeas petition at this time and the petition should be dismissed.[2]

### III. Recommendation

For the reasons stated above, it is recommended that the petitioner's § 2254 petition be **DISMISSED without prejudice** to the petitioner's right to renew the same following the proper exhaustion of state remedies. It is further recommended that the petitioner's Motion to Appoint Counsel (Doc. 8) be **DENIED as Mooted by the recommendation of dismissal without prejudice.**

---

[2]Because it is clear that the petitioner has not exhausted **any** claims, the undersigned has not made any effort to determine whether the "allegations" raised by the petitioner have any merit whatsoever.

4

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 25, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE