```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**EDWARD LAMAR TYLER,**

    **Petitioner,**

v.                    //    CIVIL ACTION NO. 1:13CV157
                                    (Judge Keeley)

**HONORABLE JAMES A. MATISH,**

    **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [Dkt. No. 11]

On June, 10 2013, the pro se petitioner, Edward Lamar Tyler ("Tyler"), filed a handwritten letter attacking his criminal conviction in Circuit Court of Harrison County, West Virginia. (Dkt. No. 1). The petitioner was later sent a Notice of Deficient Pleading. which advised him that he must file a form § 2254 petition, along with either a $5.00 filing fee or an application to proceed *in forma pauperis*. (Dkt. No. 3). To date, Tyler has failed to submit a proper § 2254 petition.

On July 5, 2013, Tyler filed a Motion to Appoint Counsel in his case. (Dkt. No. 8). Subsequently, on July 25, 2013, Magistrate Judge John S. Kaull issued a Report and Recommendation (R&R) addressing Tyler's motion and on the sufficiency of his § 2254 petition. (Dkt. No. 11). In the R&R, Magistrate Judge Kaull recommended that Tyler's petition be dismissed without prejudice and his Motion to Appoint Counsel be denied as moot. According to

**TYLER v. MATISH**                                                                                       **1:13CV157**

**ORDER ADOPTING REPORT AND RECOMMENDATION [Dkt. No. 11]**

the magistrate judge, Tyler may not yet file a § 2254 petition because he has not exhausted his state remedies.

The R&R also specifically warned Tyler that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. The parties did not file any objections. Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (dkt. no. 11), **DENIES AS MOOT** the motion to appoint counsel (dkt. no. 8) and **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: October 28, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE